UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.

LINDA NESBITT,

    Plaintiff,                      LOWER CASE NO.: 2021-CA-027818

v.

WALMART, INC.,

    Defendant.
_____/

**<u>DEFENDANT'S NOTICE OF REMOVAL
WITH INCORPORATED MEMORANDUM OF LAW</u>**

Defendant, WALMART STORES EAST, L.P. (incorrectly named in Plaintiff's Complaint as WALMART, INC.)[1] (hereinafter, "WALMART"), by and through undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(1), and Rule 81(c) of the Federal Rules of Civil Procedure, hereby gives notice of the removal of this case from the Circuit Court of the Eighteenth Judicial Circuit, in and for Brevard County, Florida to the United States District Court for the Middle District of Florida, Orlando Division, with full

---

[1] The named defendant, WALMART, INC., is not the owner or operator of Walmart Store No. 3538, where the alleged accident occurred. The Walmart Store is owned and operated by WAL-MART STORES EAST, L.P. Accordingly, the undersigned counsel is appearing for and removing this case on behalf of WAL-MAR STORES EAST, L.P. Counsel for Plaintiff agreed via email to file an Amended Complaint to name WAL-MART STORES EAST, L.P.

reservation of rights, exceptions and defenses. As grounds for this Notice of Removal, WALMART states the following:

## I.   FACTUAL BACKGROUND

1. This removal is based on diversity of citizenship under 28 U.S.C. §§ 1332(a)(1) and 1441 with an amount in controversy exceeding the sum of $75,000.00, exclusive of interest and costs.

2. On or about May 7, 2021, Plaintiff, LINDA NESBITT (hereinafter, "Plaintiff"), commenced a civil action against WALMART in the Eighteenth Judicial Circuit Court in and for Brevard County, Florida, styled *Linda Nesbitt v. Walmart, Inc. d/b/a Walmart Store # 3538*, and bearing Case No. 21-CA-027818. [A true and correct copy of Plaintiff's Complaint is attached hereto as **Exhibit "A"**].

3. Plaintiff's Complaint was served on WALMART, INC.'s registered agent on May 25, 2021. [A true and correct copy of the Summons with the date of service notated in handwriting is attached hereto as **Exhibit "B"**].

4. Plaintiff's Complaint asserts a single count of negligence against WALMART. [*See* Ex. A, ¶¶ 10-14]. Specifically, Plaintiff alleges that, on February 2, 2020, Plaintiff was injured when tripped and fell on an uneven portion of pavement in the parking lot of Walmart Store No. 3538 located at 8500 N. Wickham Road, Melbourne, FL 32940, Brevard County, Florida. [*See* Ex. A, ¶¶ 3 & 9]. Plaintiff alleges that she sustained serious, continuing and

permanent injuries as result of the accident. [*See* Ex. A, ¶ 14].

5. Plaintiff alleges that WALMART breached its duty to Plaintiff by: failing to make the alleged dangerous condition safe; failing to warn Plaintiff of the alleged dangerous condition; ignoring a dangerous condition, and failing to make reasonable inspections. [*See* Ex. A, ¶ 13 (a)-(j)].

6. According to Plaintiff's Complaint, the amount in controversy exceeds the $75,000 jurisdictional threshold of this Court. Further, Plaintiff's Complaint specifically alleges that Plaintiff sustained serious and permanent injuries and damages from the subject accident that exceed the circuit court's jurisdictional minimum. [*See* Ex. A, ¶¶ 1 & 14].

7. Furthermore, on March 2, 2021, prior to commencement of this lawsuit, Plaintiff submitted a pre-suit demand letter ("Demand Letter"), which indicated that ***Plaintiff incurred a total of $151,922.56 in past medical expenses*** in connection with the subject accident. Based on Plaintiff's alleged injuries and medical bills incurred (as of the date of the Demand Letter), Plaintiff offered to settle her claim for $501,922.56. [A true and correct copy of Plaintiff's Demand Letter and attached Medical Records/Bills are attached hereto as composite **Exhibit "C"**].[2]

---

[2] Walmart has not filed the entire complement of medical records which Plaintiff submitted with her pre-suit demand letter in order to protect the Plaintiff's personal information pursuant to the Court's Administrative Procedures, 6B. Should the

3

8. Additionally, Plaintiff is a resident of Melbourne, Brevard County, Florida, and is a citizen of the State of Florida for purposes of diversity jurisdiction. [*See* Ex. A, ¶ 2; Ex. C, at pp. 7-38,40, 42-44, 48; *see also* Plaintiff's Customer Incident Report and the Brevard County Property Appraiser record for Plaintiff's residential address attached hereto as composite **Exhibit "D"**].

9. WALMART is a corporation organized and existing under the laws of Delaware, with its principal place of business in Arkansas. [See public filings maintained by the Florida Division of Corporations attached hereto as **Exhibit "E"**]

10. This matter is therefore removable based on diversity of citizenship of the parties, and because the amount in controversy is in excess of $75,000.00, exclusive of interest, attorneys' fees, and costs.

11. In accordance with 28 U.S.C. § 1446(b)(3), this Notice of Removal is filed within thirty (30) days after receipt by WALMART of Plaintiff's Complaint. [*See* Ex. B]. Therefore, the Notice is timely filed pursuant to 28 U.S.C. § 1446(b).

12. A true and correct copy of all process, pleadings, and other papers and/or exhibits of every kind filed with the state court in this action, along with

---

Court wish to see these documents, Walmart can provide same for an *in camera* inspection.

a docket sheet from the Clerk of Court, are attached hereto as composite **Exhibit "F"** as required by 28 U.S.C. § 1446(a).

13. Following the filing of this Notice of Removal with this Court, WALMART will file a Notice of Filing Notice of Removal pursuant to 28 U.S.C. § 1446(d) with the state court where this action is pending and will give written notice thereof to all parties.

14. WALMART reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## II.   REMOVAL IS TIMELY

15. In accordance with 28 U.S.C. § 1446(b)(1), WALMART files this Notice of Removal within thirty (30) days of its receipt of Plaintiff's Complaint. Plaintiff's Complaint is the initial pleading setting forth the claim for relief upon which Plaintiff's action is based. The thirty (30) day period commenced on May 25, 2021, when Plaintiff effectuated service of her initial Complaint on WALMART, INC.

16. Further, prior to the service of Plaintiff's Complaint, Plaintiff submitted a Demand Letter outlining Plaintiff's claimed injuries and damages, including Plaintiff's incurred medical expenses arising from her February 2, 2020, accident. [*See* Ex. C].

17. Venue is proper in this Court because Eighteenth Judicial Circuit where Plaintiff filed her state court Complaint is located in Brevard County,

Florida, which is located within the United States District Court for the Middle District of Florida, Orlando Division.

### III. THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES

18. The above described action is one in which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 and is one which may be removed to this Court by WALMART, pursuant to 28 U.S.C. §§ 1441 and 1446, in that:

    A. This is an action between citizens of different states; and

    B. This is a civil action in which the amount of the controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

*See* 28 U.S.C. § 1332(a).

#### A. Citizenship of PLAINTIFF, LINDA NESBITT

19. Plaintiff's Complaint specifically alleges that she is a "resident of Brevard County, Florida." [*See* Ex. A, ¶ 2].

20. Additionally, Plaintiff's medical records Customer Incident Report indicate that Plaintiff is a resident and citizen of the State of Florida. [See Ex. C, at pp. 37-38, 40, 42-44, 48; and Ex. D].

21. "It is well established that a party's residence is *prima facie* evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.*,

6

2009 WL 1532129, *3 (S.D. Fla. June 1, 2009).

22. Plaintiff's Brevard County residence is *prima facie* evidence of her domicile which is equivalent to citizenship for purposes of establishing diversity in this case. *See Katz,* 2009 WL 1532129 at *3.

23. Furthermore, the public property records maintained by the Office of the Brevard County Property Appraiser identifies Plaintiff as the owner of residential property in Melbourne, Brevard County, Florida. [*See* Ex. D]. The Brevard County property record also reflects that Plaintiff has received a homestead exemption from property taxes since 2018. [*See* Ex. D]. Therefore, Plaintiff has established her permanent residence in Melbourne, Brevard County, Florida and is a citizen of the State of Florida for purposes of establishing diversity of citizenship in this case. *See Furnari v. Nuance Communs., Inc.*, No. 6:11-cv-1119-Orl-35-GJK, 2011 U.S. Dist. LEXIS 166061, at *7 (M.D. Fla. Sep. 20, 2011) (finding that evidence of receiving a homestead exemption from property taxes for two years preceding removal established a plaintiff's domicile in Florida); *see also Taylor v. Anz Heritage Church Fin. Inc.*, No. 10-cv-559-Orl-31-GJK, 2010 U.S. Dist. LEXIS 83351, at *2 (M.D. Fla. July 19, 2010) (identifying a party's current residence and payment of taxes as possible factors establishing domicile).

    **B.**    **Citizenship of WALMART**

24. WALMART is not a citizen of the State of Florida for diversity

purposes in that it is not incorporated under the laws of the State of Florida and because it does not have a principal place of business in Florida.

25. Wal-Mart Stores East, L.P., is a Delaware limited partnership, of which WSE Management, LLC is the general partner, and WSE Investment, LLC is the limited partner. These are the only partners of Wal-Mart Stores East, L.P. WSE Management, LLC and WSE Investment, LLC were at the time of the filing of the Complaint, and still are, Delaware Limited liability companies. The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC (f/k/a Wal-Mart Stores East, Inc.), an Arkansas limited liability company. The sole member of Wal-Mart Stores East, LLC is, and was at the time of filing the Complaint, Walmart Inc. Walmart Inc. is, and was at the time of filing the Complaint, an incorporated entity under the laws of the State of Delaware. Walmart Inc. is, and was at the time of filing the Complaint, a corporation that lawfully does business in numerous states but was not, and is not, incorporated in any state other than the State of Delaware. The principal place of business for all of the above mentioned entities is, and was at the time of filing the Complaint, Bentonville, Arkansas. At no time material has Wal-Mart Stores East, L.P., or its general or limited partners, been a citizen of Florida. [*See* Florida Department of State, Division of Corporations, Detail by Entity Name, attached hereto as Ex. E].

26. A corporation is deemed a citizen of the state in which it is

8

incorporated and in which its principal place of business is located. 28 U.S.C. § 1332(c). See *Advanced Construction and Renovation, Inc. v. Mt. Hawley Ins. Co.*, 2018 WL 797073 at *2 (S.D. Fla. Feb. 9, 2018) ("For purposes of diversity jurisdiction, a corporation shall be deemed to be a citizen of every state by which it has been incorporated and of the state where it has its principal place of business."). Accordingly, in the present action, complete diversity exists between the parties pursuant to 28 U.S.C. § 1332.

## IV. AMOUNT IN CONTROVERSY

27. Furthermore, the statutory requirement that the amount in controversy exceeds $75,000, exclusive of interest and costs, has been satisfied because Plaintiff seeks damages that exceed the minimum jurisdictional threshold.

28. Here, Plaintiff's Complaint alleges that she sustained serious and permanent injuries and damages from the subject accident that exceed the Circuit Court's $30,000 jurisdictional minimum. [*See* Ex. A, ¶¶ 1 & 14]. While the Complaint does not specify an amount in controversy, it is clear from Plaintiff's Demand Letter that her claimed damages exceed this Court's jurisdictional minimum of $75,000.00. *See Katz*, 2009 WL 1532129, at *4 (S.D. Fla. June 1, 2009) (holding that the defendant met its jurisdictional burden of establishing the amount in controversy based on information received from the plaintiffs in the pre-suit demand package); *Mick v. De Vilbiss Air Power Co.*,

2010 WL 5140849, at *1 (M.D. Fla. Dec. 14, 2010) (finding that pre-suit settlement demand letters are competent evidence of the amount in controversy).

29. Where, as here, the Plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a **preponderance of the evidence** that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996) (emphasis added); *see also, Williams v. Best Buy Co.*, 269 F. 3d 1316, 1319 (11th Cir. 2001).

30. "In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand." *Katz,* 2009 WL 1532129, at *4 (S.D. Fla. June 1, 2009) (citing *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1213-1214 (11th Cir. 2007)). "Additionally, a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id* (citing *Williams v. Best Buy Co.,* 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.,* 216 F.3d 945, 949 (11th Cir. 2000)). "Therefore, pre-suit settlement offers and demands may be considered in evaluating whether a case has been properly removed." *Id.*

31. Plaintiff's itemized and specifically detailed Demand Letter

establishes that the amount in controversy exceeds the $75,000.00 jurisdictional minimum. Specifically, Plaintiff's Demand Letter, including the medical records attached to the Demand Letter, indicate that Plaintiff's ***past medical bills alone total $151,922.56***, and were itemized as follows:

| | |
|---|---|
| Brevard Physicians Assoc- Phys (dos 2/2/20) | $ 956.00 |
| Brevard Phys Assc. -Radiology (dos 2/2/20) | $ 26.00 |
| Health First's Viera Hospital (dos 2/10/20) | $ 47,814.55 |
| Brevard Physicians Assoc- Nerve Block ( 2/10/20) | $ 930.00 |
| Brevard Physicians Assoc - Phys (dos 2/10/20) | $ 1,287.00 |
| Brevard Physicians Assoc - Phys (dos 2/10/20) | $ 772.20 |
| Brevard Physicians Assoc- Rad (dos 2/10/20) | $ 29.00 |
| Health First's Viera Hospital (dos 2/11/20-2/12/20) | $ 61,289.71 |
| Brevard Physicians Assoc- Phys (dos 2/11/20) | $ 1,040.00 |
| Brevard Phys Assc. - Rad (dos 2/11/20) | $ 28.00 |
| Health First's Viera Hospital (dos 2/13/20) | $ 5,307.20 |
| Brevard Physicians Assoc- Phys (dos 2/13/20) | $ 1,040.00 |
| Brevard Phys Assc.- Rad (dos 2/13/20) | $ 28.00 |
| Health First's Viera Hospital (dos 2/14/20) | $ 3,735.84 |
| Brevard Physicians Assoc- Phys (dos 2/14/20) | $ 841.00 |
| Health First's Viera Hospital (dos 2/27/20) | $ 1,533.69 |
| Brevard Physicians Assoc- Rad (dos 2/27/20) | $ 149.00 |
| Health First's Viera Hospital (dos 6/9/20) | $ 10,319.27 |

| | |
|---|---|
| Brevard Physicians Assoc- Phys (dos 6/9/20) | $ 975.00 |
| Brevard Physicians Assoc- Phys (dos 6/9/20) | $ 585.00 |
| Health First's Viera Hospital (dos 9/10/20) | $ 1,533.69 |
| Brevard Physicians Assoc- Rad (dos 9/10/20) | $ 178.00 |
| Dr. Perry- Suntree Orthopedics | $ 3,945.90 |
| Dr. James M Ronaldson - First Health Med Group | $ 632.00 |
| Dr. Christian M. Cobbold - First Health Med Group | $ 880.00 |
| University Center Imaging | $ 901.01 |
| S & A Acupunture | $ 1,090.00 |
| Fogarty Chiropractic Life Clinic | $ 1,290.00 |
| Premier Urgent Care | $ 390.00 |
| **Total Medical Bills:** | **$ 151,922.56** |

[*See* Ex. C, at pgs. 4-5].

32. Further, based on Plaintiff's alleged injuries and medical bills, Plaintiff estimated her damages in the present matter to be **$501,922.56**. [Ex. C]. Additionally, Plaintiff's Complaint alleges damages for pain and suffering, physical impairment, disfigurement, loss of earnings and impairment of ability to earn money, and the alleged need for future medical care. [*See* Ex. A, ¶ 14].

33. Plaintiff's representations sufficiently and conclusively establish by a preponderance of the evidence that the amount in controversy exceeds the requisite $75,000.00 jurisdictional minimum for this Court to retain jurisdiction.

34. District courts have consistently held that the amount in controversy is satisfied by a showing that a plaintiff's pre-suit demand letter

demonstrates the plaintiff's past medical bills exceed $75,000.00. For instance, in *Stramiello v. Petsmart, Inc.*, 2010 WL 2136550, at *3 (M.D. Fla. 2010), the Middle District determined that the defendant established the amount in controversy exceeded the $75,000 jurisdictional minimum because the plaintiff's medical bills exceeded $108,000.00 and plaintiff alleged that her injuries were permanent and she would seek recovery of future medical expenses and pain and suffering. *Id.* The court found the defendant established complete diversity and that the amount in controversy exceeded the jurisdictional threshold; therefore, the court denied the plaintiff's motion to remand. *Id.* at *5.

35. Similarly, in *Katz v. J.C. Penney Corp.*, the district court concluded that the removing defendant properly established the amount in controversy by addressing information received from plaintiff's pre-suit demand package. *Katz,* 2009 WL 1532129 at 4. The Court specifically noted it was persuaded that the pre-suit demand package reflected an "honest assessment" of damages by plaintiff because, like Plaintiff's Demand Letter in this case, it was based on medical records provided by the plaintiff. *Id.*

36. Additionally, in *Wilson v. Target Corp.,* the plaintiff submitted a pre-suit demand letter indicating she had incurred over $100,000.00 in past medical expenses and would incur an additional $1,000,000.00 in future medical expenses as a result of her accident. *Wilson v. Target Corp.,* 2010 WL

13

3632794, at *4 (S.D. Fla. 2010). Although the plaintiff's complaint did not specify the exact amount in controversy, but only plead that her damages were in excess of $15,000, the court denied plaintiff's motion to remand finding that plaintiff's pre-suit demand letter and unspecified damages in her complaint were sufficient to demonstrate by a preponderance of the evidence that the amount in controversy exceeded $75,000.00. *Id.*

37.   In the instant matter, Plaintiff's Demand Letter, which specifies that Plaintiff's past medical expenses exceed $150,000.00, is an honest assessment of her claimed damages in the present matter that is based on the following: (1) Plaintiff's medical records and bills attached to the Demand Letter; (2) Plaintiff's alleged injuries, which include a left wrist fracture, disc herniation at L4-5, annular tear at C3-4, C4-5, C5-6, and L4-5, bilateral knee pain and atrial fibrillation; (3) open reduction internal fixation of Plaintiff's left distal fracture with Arthrex volar plate; and (4) Plaintiff's alleged need for future medical care, all of which exceed this Court's $75,000 jurisdictional threshold. [*See* Ex. C].

38.   Therefore, the evidence demonstrates that Plaintiff's claimed damages in the present case far exceed $75,000. Accordingly, WALMART has shown by a preponderance of the evidence that the amount in controversy exceeds the Court's jurisdictional minimum, thus rendering removal proper.

14

## V.     CONCLUSION

This action is removable, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, because there exists complete diversity in this matter as the Plaintiff and WALMART are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Accordingly, original jurisdiction of this matter is vested in this Court and WALMART respectfully requests that this action proceed in this Court as a matter properly removed.

**WHEREFORE**, Defendant, WAL-MART STORES EAST, L.P., respectfully requests that this action currently pending in the Circuit Court for Brevard County, Florida be removed to the United States District Court for the Middle District of Florida, Orlando Division, and that this Court assume full jurisdiction over the cause herein as provided by law.

Respectfully submitted on this 24th day of June, 2021.

>  */s/George H. Featherstone*
> **GEORGE H. FEATHERSTONE**
> Florida Bar No.: 0624306
> gfeatherstone@hamiltonmillerlaw.com
> **MICHAEL T. RELIHAN**
> Florida Bar No.: 116053
> mrelihan@hamiltonmillerlaw.com
> HAMILTON, MILLER & BIRTHISEL
> 100 South Ashley Drive, Suite 1210
> Tampa, Florida 33602
> Telephone: (813) 223-1900
> Facsimile:  (813) 223-1933
> E-Service: ghf-serve@hamiltonmillerlaw.com
> *Counsel for Defendant, Wal-Mart Stores East, LP*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 24, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I further certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List.

*/s/George H. Featherstone*
Florida Bar No.: 0624306
gfeatherstone@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL

## SERVICE LIST

Jaimie Quinn, Esq.
FBN: 105496
Law Office of Saban & Solomon
150 N. University Dr., Suite 200
Plantation, FL 33324
P: 954-577-2878
F: 954-577-2215
Primary:   solomon@sslegalfirm.com
           candace@sslegalfirm.com
           bedoya@sslegalfirm.com
Secondary: quinn@sslegalfirm.com
           hyarmolik@sslegalfirm.com