IN THE CIRCUIT COURT OF THE
18TH JUDICIAL CIRCUIT IN AND FOR
BREVARD COUNTY, FLORIDA

LINDA NESBITT,                                  CASE NO.: 05-2021-CA-027818-XXXX-XX

        Plaintiff,

vs.

WALMART, INC, d/b/a WALMART STORE # 3538,

        Defendant.

_____/

## COMPLAINT

COMES NOW the Plaintiff, LINDA NESBITT (hereinafter "NESBITT"), by and through her undersigned attorney, hereby sues Defendant, WALMART, INC, d/b/a WALMART STORE #3538 (hereinafter "WALMART"), and in support thereof alleges as follows:

    1.    That this is an action in excess of the Jurisdictional limits of this Court, to wit: Thirty Thousand Dollars ($30,000.00), exclusive of costs.

    2.    That at all times material hereto, Plaintiff, NESBITT, was a resident of Brevard County, State of Florida and is *sui juris*.

    3.    That at all times material hereto, Defendant, WALMART, was a foreign profit corporation conducting business in Brevard County, Florida, and doing such at the following location: at 8500 N. Wickham Road, Melbourne, FL 32940 (hereinafter "subject premises").

    4.    Venue is proper in Brevard County, Florida because the incident upon which this Complaint is based occurred in Brevard County, Florida.

## EXHIBIT "A"

5. That at all times material hereto Defendant, WALMART, owned, occupied, and/or controlled the subject premises, including the area immediately surrounding it such as the parking lot and/or entrance area of the subject premises.

6. That at all times material hereto, Defendant, WALMART, had control of maintenance and upkeep of the subject premises.

7. That at all times material hereto, the parking lot/Garden entrance area of the subject premises contained a portion of the pavement that was in a state of disrepair and/or was uneven.

8. That at all times material hereto, Plaintiff, NESBITT, was a lawful invitee of the subject premises.

9. On February 2, 2020, Plaintiff, NESBITT, sustained severe personal injury when she tripped and fell on the uneven portion of the pavement at the parking lot/Garden entrance area of the subject premises.

**COUNT I**
**(Negligence-Premises Liability)**

Plaintiff, NESBITT, re-alleges paragraphs 1 through 9 and further alleges:

10. That Defendant, WALMART, owed a duty of care to Plaintiff, NESBITT, to maintain and upkeep the subject property, including the entrance area of the subject property, in a reasonably safe condition; refrain from creating a dangerous and hazardous condition and to warn of any dangerous conditions on said property which Defendant knew of, or should have known of.

11. That at all times material hereto, Defendant, WALMART, owed a duty of reasonable care to invitees, including the Plaintiff, to adequately train and supervise its employees as to prevent trip and fall accidents on the subject premises.

12.     Additionally, Defendant, WALMART, owed a duty of reasonable care to institute and implement adequate policies and procedures to prevent trip and fall accidents on the subject premises.

13.   That at all times material hereto, Defendant, WALMART, breached its duties owed to Plaintiff, NESBITT, by negligently maintaining the subject premises in one or more of the following ways:

a. Failed to make the dangerous and hazardous condition, such as uneven portion of the pavement at the parking lot/Garden entrance area of the subject premises, safe.

b. Failed to warn of the dangerous and hazardous condition, such as uneven portion of the pavement at the parking lot/Garden entrance area of the subject premises, that Defendant, knew, or in the alternative, should have known about.

c. Ignored a dangerous and hazardous condition they knew or should have known about.

d. Failed to make reasonable inspections.

e. Failed to properly monitor, supervise and oversee operations of the subject premises.

f. Failed to instruct and warn its invitees of the dangerous and hazardous condition on its premises.

g. Failed to secure the subject area to prevent injury.

h. Failed to supervise or train its employees/agents in the prevention of trip and fall accidents at the subject premises.

i. Failed to establish policies and procedures for the prevention of trip and fall

accidents at the subject premises.

j.   Defendant was otherwise negligent at the time and place complained of.

14.   As a direct and proximate result of the Defendant, WALMART's, negligence, as hereinabove alleged, Plaintiff, NESBITT, fell which caused her to suffer bodily injury resulting in pain and suffering including: disability; disfigurement; mental anguish; loss of capacity for the enjoyment of life; the hospitalization; medical and nursing care and treatment; loss of earnings; loss of ability to earn money; and aggravation of a previously existing condition. These losses are either permanent or continuing in nature, and Plaintiff, NESBITT, will suffer such losses in the future.

WHEREFORE, Plaintiff, NESBITT, respectfully demands Judgment for damages against Defendant, WALMART, in excess of Thirty Thousand Dollars ($30,000.00), plus costs, and further demands trial by jury on all issues so triable as a matter of right.

LAW OFFICE OF SABAN & SOLOMON
150 N. University Dr., Suite 200
Plantation, Florida 33324
P: (954) 577-2878
F: (954) 577-2215

*/s/ Jaimie Quinn*
JAIMIE QUINN, ESQ.
Fla. Bar No. 105496